IN THE UNITED STATES BANKRUPTCY COURT

EASTERN AND WESTERN DISTRICTS OF ARKANSAS

| | |
|---|---|
| IN RE: KAREN D. WATERS | CASE NO:  4:20-BK-12607 |
| DEBTOR | CHAPTER 13 |

## OBJECTION TO CLAIM NUMBER 7 BY CLAIMANT US BANK TRUST NATIONAL ASSOC, AS TRUSTEE FOR TOWD

Comes now Debtor, Karen Waters, by and through counsel, Mickey Stevens, and for her Objection to Proof of Claim Filed by US Bank Trust National Assoc, As Trustee for TOWD, states as follows:

1. The Debtor and her husband purchased the manufactured home that this the subject of this matter in 1996 and, after putting down $2500, financed $42,422.40 over a period of 30 years with an interest rate of 9.93 percent. To date, Ms. Waters has paid well over $100,000 for the home which is now practically worthless.

2. It is well established that a creditor is secured "only to the extent of the value of the collateral . . .." *Assocs. Commercial Corp v. Rash*, 520 U.S. 953, 956 (1997)(citing 11 U.S.C. §506(a)). "Thus the valuation of the property governs the secured creditor's rights under a confirmation plan." *In re Robertson*, 135 B.R. 350 (Bankr.E.D.Ark.1992). "Valuation is a flexible concept determined on a case-by-case basis, taking into account the competing interests in each case." *Id.* (citing *In re Owens*, 120 B.R. 487, 489 (Bankr.E.D.Ark.1990)(quoting H.R.Rep. No. 95-595 95th Cong., 1st Sess. 356  U.S.Code Cong. & Admin.News 1978, p 5787).

3. In its Proof of Claim, the creditor states that the secured amount is $32,104.34.

4. On December 16, 2019, the creditor filed a "Complaint and Affidavit for Possession" in the Saline County Circuit Court. In this document, the creditor asserts that the value is $23,976.04. Exhibit A.

1

5. A valuation of a manufactured home that is considered to be personal property is based on the replacement value as of the date of the filing of the petition. *Assocs. Commercial Corp. v. Rash*, 520 U.S. 953, 956 (1997).

6. The undersigned has attached an analysis of readily accessible data on the sales of similar manufactured homes in the area. Exhibit B. This presents a picture of the price at which one could obtain a similar replacement manufactured home in this area. A review of the data supports that the creditors asserted value is significantly more than the sales data supports. Considering the fact that any buyer would have to bear the costs of removing the home from the property, it is likely that the home may have no value at all.

7. The undersigned has also attached an opinion from a local dealer of used manufactured homes. Exhibit C.

8. Also, the Proof of Claim indicates the nature of the property as "Real estate." The title has not been surrendered to the state and, therefore, the home is considered to be personal property.

9. Additionally, Debtor asks that creditor provide a complete accounting showing all payments made since the initiation of the loan and the application of these payments so that the asserted balance can be verified.

10. Further, because the alonge is endorsed in blank, at the hearing on this matter, the creditor should be required to prove that it is the holder of the Retail Installment Contract and Security Agreement by producing the original of both the agreement and the alonge.

11. WHEREFORE, Debtors pray that the Court proceed to determine the value of the manufactured home at issue, that the creditor's claim is disallowed, that the Chapter 13 Plan be confirmed, and for all other relief to which they may be entitled.

Respectfully submitted,

By: /s/ Mickey Stevens
Mickey Stevens, # 2012141
Attorney
American Bankruptcy Associates, PLLC
2615 N. Prickett Rd., Suite 2
Bryant, AR 72022
501-481-8923
mickeystevens@outlook.com

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that copies of the foregoing document have been served via First Class Mail, U.S. Postage Service to the following:

US BANK TRUST National Assoc, As Trustee for TOWD
c/o Cascade Financial Services
PO Box 15035
Chandler, AZ 85244

I, the undersigned, hereby certify that copies of the foregoing document have been served via the CM/ECF system to all parties registered to receive electronic noticing in the case including the following:

Sydney Rasch
Padgett Law Group
6267 Old Water Oak Rd., Ste 203
Tallahassee, FL 32312

Mark McCarty
PO Box 5006
N. Little Rock, AR 72119-5006

/s/ Mickey Stevens